

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMERICAN HERITAGE RAILWAYS, INC.; OLD TUCSON ENTERTAINMENT, LLC; ALLEN C. HARPER; JOHN A. HARPER; JAMES W. HARPER; CAROL E. HARPER; RICHARD SILVERMAN; BRENDA JAHNKE; MATTHEW CUNNINGHAM; REEDER GLASS,

  Plaintiffs - Appellees,

 v.

BRADLEY ARTHUR HIROU, AKA Bradley-Arthur Hirou,

  Defendant - Appellant,

and

DOES 1-10, inclusive,

  Defendant.

No. 25-1740

D.C. No. 3:24-cv-01802-CAB-JLB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 22, 2026[]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Bradley Arthur Hirou appeals pro se from the district court's order granting a preliminary injunction that prohibited Hirou from acting upon the UCC-1 statements he filed, from filing additional UCC-1 statements against the plaintiffs and required Hirou to remove the UCC-1 filings against plaintiffs. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 688 (9th Cir. 2022). We affirm.

The district court did not abuse its discretion by granting plaintiffs a preliminary injunction after finding that all four *Winter* factors weighed in favor of preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008) (listing factors district courts must consider when evaluating a motion for a preliminary injunction); *see also Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1081 n.14 (9th Cir. 2000) ("Brand names, trade names, slogans, and other short phrases or expressions cannot be copyrighted." (citation omitted)); *First Nat. Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1065 (9th Cir. 2011) ("Creation of a valid contract requires mutual assent.").

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hirou contends that the district court lacked jurisdiction and the plaintiffs lacked standing, but these contentions are meritless. *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025) (explaining that general personal jurisdiction "lies in the forum where the defendant is domiciled or 'fairly regarded as at home'" (citation omitted)); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (explaining that federal courts have subject matter jurisdiction when a "complaint requires an interpretation of the Copyright Act"); *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018) (stating the requirements for standing); *see also San Diego County Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1023 (9th Cir. 2023) (explaining that "a plaintiff has standing to seek declaratory relief of non-infringement if he demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he continues with his course of conduct . . . Such an apprehension can exist even absent an explicit threat to sue" (citation omitted)).

We do not consider Hirou's contentions that the district court should be disqualified and the district court should have dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) because they are outside the scope of this appeal.

We do not consider issues not specifically and distinctly argued in the opening brief or raised for the first time on appeal. *See Roley v. Google LLC*, 40

F.4th 903, 911 (9th Cir. 2022).

All pending motions are denied.

**AFFIRMED.**